14-4489-cr
United States v. Filippi

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
　　　　　PIERRE N. LEVAL,
　　　　　GERARD E. LYNCH,
　　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
　　　　Appellee,

　　　　-v.-　　　　　　　　　　　　　　14-4489-cr

AMNON FILIPPI,
　　　　Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　　　LUCAS ANDERSON (Jeremy
　　　　　　　　　　　　　　　Schneider, on the brief),
　　　　　　　　　　　　　　　Rothman, Schneider, Soloway &
　　　　　　　　　　　　　　　Stern, LLP, New York, NY.

FOR APPELLEE:　　　　　　　ELISHA J. KOBRE (Karl Metzner,
　　　　　　　　　　　　　　　on the brief), for Preet
　　　　　　　　　　　　　　　Bharara, United States Attorney

for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Amnon Filippi appeals from the judgment of the United States District Court for the Southern District of New York (Abrams, J.), convicting him (inter alia) of (i) the manufacture and distribution, and possession with the intent to manufacture and distribute, of one hundred or more marijuana plants; and (ii) conspiracy to do so. Filippi was sentenced chiefly to 60 months' imprisonment and forfeiture in the amount of $150,000. Filippi challenges the denial of his motion to suppress (based on an allegedly deficient search warrant), selective prosecution of the federal marijuana laws, and the forfeiture order. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Under Franks v. Delaware, 438 U.S. 154 (1978), a defendant is entitled to a hearing to test the veracity of an affiant's statements in a warrant application if he makes a "substantial preliminary showing that [i] a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and [ii] the statement was necessary to the judge's finding of probable cause." United States v. Falso, 544 F.3d 110, 125 (2d Cir. 2008). This substantial preliminary showing "must be accompanied by an offer of proof." Id. at 126 (quoting Franks, 438 U.S. at 171). "[C]redible and probative evidence" must be adduced that the deficiencies in the warrant application were "designed to mislead" or were "made in reckless disregard of whether [they] would mislead." United States v. Rajaratnam, 719 F.3d 139, 154 (2d Cir. 2013) (internal quotation marks and alterations omitted). Whether the deficiencies were material is determined by a process of subtraction: after disregarding the allegedly false statements, do the remaining portions of the affidavit support probable cause to issue the warrant. United States v. Awadallah, 349 F.3d 42, 65 (2d Cir. 2003). We review the district court's findings regarding the first prong for

2

clear error and the second prong de novo.  United States v. Mandell, 752 F.3d 544, 552 (2d Cir. 2014).

Filippi's suppression motion and request for a Franks hearing were properly denied.  While the affiant misidentified one of the individuals near the warehouse in surveillance footage, Filippi has not made a "substantial preliminary showing" that this was done with the intent to mislead or in reckless disregard of whether it would mislead.  Filippi has made no "offer of proof" to support his allegations of recklessness, Falso, 544 F.3d at 126, and the affiant had valid, independent reasons for believing the person in the surveillance footage was the individual named in the affidavit.

In any event, other facts in the affidavit sufficiently support probable cause.  The affidavit contained observations that, based on the affiant's training and experience, indicated that the warehouse was being used to conduct a marijuana growing operation, and was supported by evidence that the lessee of the warehouse had used a nearby warehouse to operate a marijuana growing business and was seeking to open another marijuana grow house.  The finding that the affiant did not intentionally or recklessly mislead the magistrate judge was not clearly erroneous.  On a de novo review, we agree that any falsehood was immaterial.

**2.**  The prosecution of Filippi did not violate his constitutional rights.  Because Filippi did not raise this argument below, he must demonstrate plain error.  United States v. Edwards, 342 F.3d 168, 179 (2d Cir. 2003).  This he utterly fails to do.  The classification of marijuana as a Schedule I drug under the Controlled Substances Act is constitutional; the legalization of marijuana in some states for medicinal purposes does not change the continued illegality of marijuana at the federal level; and the exercise of discretion by federal prosecutors to charge individuals with marijuana-related offenses in some states but not others is consistent with the Due Process and Equal Protection Clauses of the United States Constitution. United States v. Canori, 737 F.3d 181, 183-85 (2d Cir. 2013).

**3.**  Pursuant to the narcotics forfeiture statute, Filippi must forfeit "any property constituting, or derived from, any proceeds [he] obtained, directly or indirectly, as the result of [his] violation."  21 U.S.C. § 853(a)(1).  The

3

calculation of forfeiture "is not an exact science"; so a court may "use general points of reference as a starting point for calculating the losses or gains from [illicit activity] and may make reasonable extrapolations from the evidence established by a preponderance of the evidence at the sentencing proceeding." United States v. Treacy, 639 F.3d 32, 48 (2d Cir. 2011). We review the district court's legal conclusions de novo and its factual findings for clear error. Id. at 47.

The district court's conclusion that Filippi must forfeit $150,000 was based on trial testimony that the marijuana operation yielded at least 30 pounds of high quality marijuana which could be sold for at least $5000 per pound at wholesale in New York City during the course of the conspiracy. The district court did not commit clear err in relying on this testimony to arrive at $150,000. Nor did the district court clearly error in concluding Filippi obtained proceeds of at least $150,000 from the sale and distribution of this marijuana.

Accordingly, and finding no merit in Filippi's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4